IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF POJOAQUE, a federally recognized
Indian Tribe; JOSEPH M. TALACHY, Governor of
the Pueblo of Pojoaque,

      Plaintiffs,

vs.                                                                                    No. CIV 15-0625 JB/GBW

STATE OF NEW MEXICO, SUSANA
MARTINEZ, JEREMIAH RITCHIE, JEFFERY
S. LANDERS, SALVATORE MANIACI,
PAULETTE BECKER, ROBERT M. DOUGHTY,
III, CARL E. LONDENE and JOHN DOES I-V,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the United States Court of Appeals for the

Tenth Circuit's Order, filed October 17, 2016 (Doc. 128)("Tenth Circuit Order"); and (ii) the

Plaintiffs' Reply to Defendants' Response to Motion to Stay Order and Restore the Preliminary

Injunction Pending Appeal, filed October 26, 2016 (Doc. 131)("Motion Reply").  The Court held

a hearing on October 27, 2016.  The primary issues are: (i) whether the Court's Final Judgment,

filed September 30, 2016 (Doc. 119), is a final judgment; and (ii) if the Court's Final Judgment is

not final, whether the Court should vacate the Final Judgment as the Plaintiffs Pueblo of Pojoaque

and Joseph M. Talachy (collectively "Pojoaque Pueblo") insist.[1]  After careful consideration of the

---

[1]Pojoaque Pueblo appears to now argue that the Court's Final Judgment is, in fact, a final
judgment.  Based on the Court's clarifications at the October 27, 2016, hearing, Pojoaque Pueblo
now agrees that the Final Judgment "end[ed] the litigation on the merits, leaving nothing for the
District Court to do but execute judgment."  Appellants Pueblo of Pojoaque and Governor Joseph
M. Talachy Response to October 17, 2016 Court Order at 6, filed November 1, 2016 (Doc. 138-

law, the circumstances of the case, and the parties' analysis, the Court concludes that its characterization of the Final Judgment as a final judgment is correct, because the Final Judgment and the Court's Memorandum Opinion and Order, filed September 30, 2016 (Doc. 118)("MOO"), "end[] the litigation on the merits and leave[] nothing for the court to do but execute judgment." Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204 (1999)(internal quotation marks omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

The Court divides its discussion of the facts and procedural background of the case into two sections. First, the Court will provide a brief overview of the circumstances leading up to the present litigation and will review the primary conclusions in its September 30, 2016, MOO. Second, the Court will discuss the issues raised on Pojoaque Pueblo's appeal of the Court's MOO by the Tenth Circuit Order and Motion Reply regarding the finality of the Court's Final Judgment.

**1.      The Court's Memorandum Opinion and Order and Final Judgment.**

The factual and procedural details of this case are discussed at length in the Court's MOO. See MOO at 4-47. In short, this action arises out of New Mexico and Pojoaque Pueblo's failure to negotiate a state-tribal gambling compact pursuant to the Indian Gaming Regulatory Act of 1988, 25 U.S.C. §§ 2701-2721 ("IGRA"), and a resultant dispute over the State's authority to take regulatory enforcement actions against non-Indian, state-licensed gaming manufacturer vendors doing business with Pojoaque Pueblo's gaming enterprises, notwithstanding the absence of a compact. On October 7, 2015, the Honorable Robert C. Brack, United States District Judge for the United States District Court for the District of New Mexico, issued a preliminary injunction

---

1). The Court nonetheless offers this Memorandum Opinion and Order to clarify its position with respect to the finality of its Final Judgment.

barring the Defendants from taking such regulatory actions, holding that New Mexico lacked "authority or jurisdiction" absent a gaming compact to "harass[] and threaten[]" Pojoaque Pueblo's vendors.  Pueblo of Pojoaque v. New Mexico, 2015 U.S. Dist. LEXIS 178096, at *29 (D.N.M. 2015)(Brack, J.).  The Defendants filed an interlocutory appeal of the preliminary injunction to the United States Court of Appeals for the Tenth Circuit on October 29, 2015.  See Pueblo of Pojoaque v. State of New Mexico, 15-2187; Notice of Appeal at 1, filed October 29, 2015 (Doc. 40).

The Court issued its MOO and Final Judgment on September 30, 2016.  See MOO at 1; Final Judgment at 1.  In the MOO, the Court concluded that, despite the Defendants' interlocutory appeal of the preliminary injunction, the Court had "jurisdiction to 'proceed to determine the action on the merits.'"  MOO at 97 (quoting Free Speech v. Fed. Election Comm'n, 720 F.3d 788, 791 (10th Cir. 2013)).  Having established its jurisdiction, the Court concluded that the Defendants did not violate Pojoaque Pueblo's federal rights by taking regulatory enforcement actions against Pojoaque Pueblo's gaming vendors.  First, regarding the litigation's central preemption issue, the Court held that IGRA "does not preempt New Mexico's regulatory actions with respect to non-Indian, state-licensed vendors doing business with non-Indian gaming operators."  MOO at 120. The Court then concluded that the Defendants' actions did not otherwise violate Pojoaque Pueblo's federal rights under the Supremacy Clause of the Constitution of the United States of America or under 42 U.S.C. §§ 1983 and 1985.  See MOO at 121-126.  Based on these rulings, and pursuant to the New Mexico Tort Claims Act, which grants State officers and employees immunity from tort liability, the Court dismissed with prejudice all claims against the individual named Defendants.  See MOO at 98-132, 137-138 & 146.  The Court likewise dismissed all claims against the Defendant State of New Mexico without prejudice, in light of New Mexico's assertion of sovereign immunity under the Eleventh Amendment to the Constitution of the United States of

America as an affirmative defense.  See MOO at 134-137, 146.

Turning to the October 7, 2015, preliminary injunction, the Court invoked its authority under rule 62(c) of the Federal Rules of Civil Procedure and stayed the injunction.  See MOO at 138-144.  The Court reasoned that rule 62(c) empowers a district court to "'suspend, modify, restore, or grant an injunction'" during the pendency of an appeal "'from an interlocutory order or final judgment that grants, dissolves, or denies an injunction.'"  MOO at 139 (quoting Fed. R. Civ. P. 62(c)).  The Court noted that "the same legal standards that govern stays of injunctions under Rule 62(c) also govern grants of injunctions pursuant to Rule 65," and that a stay will be granted absent a robust probability of success on the merits where a "'preliminary injunction seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme . . . ."  MOO at 140 (quoting Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003). Given the Court's conclusion that the Defendants' regulatory actions did not violate Pojoaque Pueblo's federal rights, the Court held that Pojoaque Pueblo failed to make the requisite "'strong showing'" that it was likely to succeed on the merits of its claim underlying the preliminary injunction.  MOO at 141 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Accordingly, the Court stayed the preliminary injunction.  See MOO at 144.

The Court left the preliminary injunction intact, however.  See MOO at 144-145.  The Court reasoned that "[a] district court [] has no jurisdiction to vacate or dissolve a preliminary injunction that has been appealed."  MOO at 145 (citing Coastal Corp. v. Tex. E. Corp., 869 F.2d 817, 819-820 (5th Cir. 1989)).  Thus, in light of the Defendants' interlocutory appeal of Judge Brack's October 7, 2015, preliminary injunction to the Tenth Circuit, the Court acknowledged that it was powerless to vacate or modify the preliminary injunction at that stage of the litigation.  See MOO at 145.  At the same time, however, the Court issued an indicative ruling pursuant to rule

62.1 of the Federal Rules of Civil Procedure, stating that the Court "would dissolve or vacate the preliminary injunction if the Defendants dismiss the appeal and/or the Tenth Circuit remands the case for the Court's consideration."  MOO at 145.

Having dismissed all claims against all parties, the Court entered final judgment on September 30, 2016.  See Final Judgment at 1.  The Court "dismissed Defendant State of New Mexico without prejudice, and all other Defendants with prejudice."  Final Judgment at 1.

> **2.      The Pueblo of Pojoaque's Appeal.**

Pojoaque Pueblo appealed the Court's MOO to the Tenth Circuit on October 3, 2016.  See Pueblo of Pojoaque v. State of New Mexico, No. 16-2228; Notice of Appeal at 1, filed October 3, 2016 (Doc. 120).  On October 17, 2016, the Tenth Circuit panel assigned to review the matter sua sponte issued an order indicating that "[i]t appears that the district court's September 30, 2016 judgment is not yet final."  Tenth Circuit Order at 1.  The Tenth Circuit noted that, in response to the docketing statement question, "Does the judgment or order to be reviewed dispose of all claims by and against all parties?" Pojoaque Pueblo answered "Yes, with the caveat that the District Court represents that the Order being appealed from is a Final Judgment while simultaneously indicating that it would take future action on the Preliminary Injunction in effect."  Tenth Circuit Order at 1 (internal quotation marks and emphases omitted).  Based on this statement, the Tenth Circuit noted that the Court's MOO appeared to reserve jurisdiction to "'dissolve or vacate the preliminary injunction if the Defendants dismiss the appeal [in Pueblo of Pojoaque v. State of New Mexico, 15-2187] and/or the Tenth Circuit remands the case for the Court's consideration.'"  Tenth Circuit Order at 2 (quoting MOO at 145)(alterations added).  Accordingly, the Tenth Circuit instructed Pojoaque Pueblo to "file a written response discussing the basis of this court's exercise of appellate jurisdiction at this time over the district court's September 30, 2016 order."  Tenth Circuit Order

at 2.  Failure to file a timely response, the Tenth Circuit cautioned, may result in dismissal of the appeal pursuant to Tenth Circuit Rule 42.1.  See Tenth Circuit Order at 2.  The Tenth Circuit did not request a response of any kind from the Defendants.  See Tenth Circuit Order at 2.

Pojoaque Pueblo filed its Motion Reply on October 26, 2016.  In a footnote, Pojoaque Pueblo states that, "[u]nless this Court provides an explanation that would correct or explain the error, the Pueblo intends to notify the Tenth Circuit that it is correct and that the appeal should be dismissed."  Motion Reply at 1 n.2.  No further briefing on the finality of the judgment was filed by the parties.

   **3.**   **The Hearing.**

The Court held a hearing on October 27, 2016.  See Transcript of Motion Hearing held on 10/27/16 at 6:6-22 (Crowell)("Tr.").[2]  The Court first explained that it entered final judgment in part to assist Pojoaque Pueblo in its ability to appeal quickly to the Tenth Circuit.  Tr. at 7:7-20 (Court).  The Court noted that, in its view, the "purpose of an indicative ruling is to tell [the Tenth Circuit] that if they will divest themselves of their jurisdiction, this is what I will do," and that, in the circumstances of this case, there is no way "to give an indicative ruling without a final judgment." Tr. at 7:21-8:2 (Court).  Indeed, the "whole purpose of an indicative ruling," the Court reasoned, "is when the court doesn't have jurisdiction."  See Tr. at 18:2-4 (Court).  If it did, the Court could just vacate or dissolve the preliminary injunction outright.  See Tr. at 8:1-4 (Court). It follows, the Court explained, that the Court did not reserve any jurisdiction that would defeat the finality of its Final Judgment, because it had no jurisdiction to reserve.  See Tr. at 8:1-4 (Court). The Court emphasized that it was careful in its MOO "not [to] touch [the] preliminary injunction,"

_____

[2]The Court's citations to the hearing's transcript refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

because it perceived that it was divested of jurisdiction due to the Defendants' interlocutory appeal to the Tenth Circuit. Tr. at 31:10-18 (Court). As a result, the Court noted that it stayed the injunction pursuant to rule 62(c), but that it left the injunction itself intact and simply issued an indicative ruling under rule 62.1. See Tr. at 31:10-18 (Court). The Court concluded that it could think of nothing further that it could do in the case, because the Court had "resolve[d] all parties and all claims." Tr. at 19: 10-14 (Court).

The Defendants opened their argument by stating that, if given the opportunity, they "would defend the finality of the judgment" before the Tenth Circuit. Tr. at 18:19-21 (Bonhoff). The Defendants noted, however, that the Tenth Circuit Order "required input only from the Pueblo, not from the State." Tr. at 18:22-23 (Bonhoff). Accordingly, the Defendants indicated that they would likely file a motion with a Tenth Circuit "asking for an opportunity to be heard." Tr. at 18:24-19:4 (Bonhoff). The Defendants averred that, in their view, the Court had "jurisdiction to enter the final judgment." Tr. at 21:22-22 (Bonhoff). With respect to Pojoaque Pueblo's motivation to dismiss the appeal, the Defendants speculated that "[t]his is simply a play for delay," and that "the only way the Pueblo san salvage something from this dispute is by dragging [it out]." Tr. at 21:3-10 (Bonhoff).

In rejoinder, Pojoaque Pueblo disputed that it was "motivated by delay," clarifying that it desires to "avoid [] going through all the expense and time of an appeal, to possibly have the court say, well, we didn't have jurisdiction in the first place." Tr. at 42:13-21 (Crowell). Accordingly, Pojoaque Pueblo explained that it simply "want[s] a final judgment that [it] can take to the court of appeals, and where the court of appeals clearly has jurisdiction to resolve the issues." Tr. at 44:14-17 (Crowell). As it stands, however, Pojoaque Pueblo indicated that it planned to confess error by the Court in entering final judgment, because the Court's Final Judgment appears to leave

certain issues unresolved. See Tr. at 44:6-11 (Crowell). Based on this alleged error, Pojoaque
Pueblo proposed that the Court vacate the Final Judgment pending the Tenth Circuit's resolution
of the Defendants' interlocutory appeal of the preliminary injunction, at which point the Court
could enter a judgment that is indisputably final. See Tr. at 44:21-25 (Crowell).

## LAW REGARDING FINAL JUDGMENTS

With few exceptions, "federal appellate courts have jurisdiction solely over appeals from
'*final decisions* of the district courts of the United States.'" Rekstad v. First Bank Sys., 238 F.3d
1259, 1261 (10th Cir. 2001)(quoting 28 U.S.C. § 1291)(emphasis in original). "A final decision
is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the
judgment.'" Rekstad v. First Bank Sys., 238 F.3d at 1261 (quoting Catlin v. United States, 324
U.S. 229, 233 (1945)). Where a suit involves multiple claims, the district court must, pursuant to
rule 54(b) of the Federal Rules of Civil Procedure, "adjudicate every claim before the court's
decision can be considered final and appealable." Rekstad v. First Bank Sys., 238 F.3d at 1261.
In certain, limited circumstances, however, the district court "may direct the entry of final
judgment as to one or more but fewer than all the claims" to secure immediate appellate review of
certified final orders. Fed. R. Civ. P. 54(b). Otherwise, appellate review is foreclosed until all
claims have been terminated on the merits. See Rekstad v. First Bank Sys., 238 F.3d at 1261.

Under rule 58(a) of the Federal Rules of Civil Procedure, "[e]very judgment and amended
judgment must be set out in a separate document," save for orders disposing of certain motions.
The Supreme Court of the United States of America has stated that the separate-document rule
must be "'mechanically applied'" in determining whether an appeal is timely. Allison v. Bank
One-Denver, 289 F.3d 1223, 1232-33 (10th Cir. 2002)(quoting Bankers Trust Co. v. Mallis, 435
U.S. 381, 386 (1978)(internal citation omitted)). Furthermore, "'absent a formal judgment,' a

district court's order remains appealable." Allison v. Bank One-Denver, 289 F.3d at 1232-33

(quoting Shalala v. Schaefer, 509 U.S. 292, 303 (1993)). "Although parties may waive Rule 58's

separate-document requirement by allowing an appeal to go forward, see Bankers Trust, 435 U.S.

at 384, such waiver cannot be used to defeat appellate jurisdiction." Allison v. Bank One-Denver,

289 F.3d at 1232-33 (citing Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992)).

Accordingly, under the separate-document rule, a final judgment "must be a self-contained

document, saying who has won and what relief has been awarded, but omitting the reasons for this

disposition, which should appear in the court's opinion." In re Taumoepeau, 523 F.3d at 1217

(internal quotation marks omitted). Besides its importance in determining when the time clock

starts ticking for purposes of an appeal, "[s]trict application of Rule 58 eliminates any question as

to when the clock for filing post judgment motions . . . begins to tick. Orders disposing of certain

enumerated motions, including post judgment motions under Fed. R. Civ. P. 59 and 60, are

excepted from Rule 58's separate judgment requirement." Warren v. Am. Bankers Ins. of Fla.,

507 F.3d 1239, 1242 (10th Cir. 2007). Thus, the Tenth Circuit "strictly adhere[s] to the Supreme

Court's directive to apply Rule 58 'mechanically.'" Warren v. Am. Bankers Ins. of Fla., 507 F.3d

at 1243.

## LAW REGARDING MOTIONS TO RECONSIDER INTERLOCUTORY ORDERS

Except where the Federal Rules of Civil Procedure specify, motions to reconsider fall into

three categories:

> (i) a motion to reconsider filed within [twenty-eight] days of the entry of judgment is
> treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to
> reconsider filed more than [twenty-eight] days after judgment is considered a motion for
> relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not
> final is a general motion directed at the court's inherent power to reopen any interlocutory
> matter in its discretion. See Price v. Philpot, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005).

Pedroza v. Lomas Auto Mall, Inc., 258 F.R.D. 435, 462 (D.N.M. 2009)(Browning, J.).  See Price v. Philpot, 420 F.3d at 1167; Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 (10th Cir. 2002).

Considerable confusion exists among the bar regarding the proper standard for a district court to apply when ruling on a motion to reconsider one of its prior "interlocutory" or "interim" orders, i.e., an order that a district court issues while the case is ongoing, as distinguished from a final judgment.  This confusion originates from the fact that the Federal Rules of Civil Procedure do not mention motions to reconsider, let alone set forth a specific procedure for filing them or a standard for analyzing them.  A loose conflation in terminology in Servants of the Paraclete v. Does, 204 F.3d 1005 (10th Cir. 2000), which refers to motions filed under rule 59(e) -- "motion[s] to alter or amend a judgment" -- as "motions to reconsider," compounded that baseline confusion. 204 F.3d at 1005 (emphasis added).

While motions to reconsider interlocutory orders are not explicitly addressed by the Federal Rules of Civil Procedure, rule 54(b) makes the following open-ended proclamation about their mutability: "[A]ny order or other decision that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of final judgment . . . ."  Rule 54(b) therefore (i) provides that a district court may freely reconsider its prior rulings; and (ii) places no limit or governing standard on the district court's ability to do so, other than that reconsideration must occur "before the entry of judgment."  Fed. R. Civ. P. 54(b).  Indeed, the Supreme Court has stated that "[E]very order short of final decree is subject to reopening at the discretion of the district judge."  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983).  The Tenth Circuit has likewise declined to cabin district courts' discretion beyond what rule 54(b) provides, concluding that "district courts generally remain free

to reconsider their earlier interlocutory orders." Been v. O.K. Indus., 495 F.3d at 1225.  Accord

Balla v. Idaho Bd. of Corrs., 869 F.2d 461, 465 (9th Cir. 1989)(stating that district courts have

"inherent" authority to reconsider interlocutory orders "at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities").  The Tenth Circuit has

clarified, however, that "a motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position or controlling law," and "to correct clear error."

Servants of the Paraclete v. Does, 204 F.3d at 1012.

Courts of Appeals recognize that district courts have "inherent" discretionary authority to

reconsider a preliminary injunction.  Sierra Club v. United States Army Corps of Eng'rs, 732 F.2d

253, 256 (2d Cir. 1984).  The Tenth Circuit has stated that "[t]he grant or denial of injunctive relief,

as well as a refusal to dissolve or modify an existing injunction, is within the discretion of the

district court . . . ."  Cablevision of Tex. III, L.P. v. Okla. W. Tel. Co., 993 F.2d 208, 210 (10th

Cir. 1993).  The district court's decision to reconsider a preliminary injunction is reviewed for

abuse of that discretion.  See Cablevision of Tex. III, L.P. v. Okla. W. Tel. Co., 993 F.2d at 210.

The decision should account for the fact that a preliminary injunction is often granted "under

pressured time constraints, on limited evidence and expedited briefing schedules."  Heideman v.

South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003)(internal quotation marks and citations

omitted).

Notwithstanding these principles, the filing of a notice of appeal from an interlocutory

order imposes jurisdictional constraints on a district court's authority to reconsider its prior rulings.

The Supreme Court has explained that "[t]he filing of a notice of appeal is an event of jurisdictional

significance -- it confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer

Discount Co., 459 U.S. 56, 58 (1982)(citing United States v. Hitchmon, 587 F.2d 1357, 1359 (5th

Cir. 1979)).  Accord Garcia v. Burlington N. R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987)("Filing

a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court

to the court of appeals.  The district court is thus divested of jurisdiction.")(citations omitted).  The

rationale for this limitation is that "a federal district court and a federal court of appeals should not

attempt to assert jurisdiction over a case simultaneously," because doing so produces a "danger

[that] a district court and a court of appeals w[ill] be simultaneously analyzing the same judgment."

Griggs v. Provident Consumer Discount Co., 459 U.S. at 58-59.

        Nonetheless, the filing of a notice of appeal does not completely divest a district court of

jurisdiction to modify its interlocutory rulings.  Under rule 62(c) of the Federal Rules of Civil

Procedure, a district court, during the pendency of an appeal from an interlocutory order that

"grants, dissolves, or denies an injunction," is authorized to "suspend, modify, restore, or grant an

injunction . . . ."  This authorization is narrowly construed, however.  See Griggs v. Provident

Consumer Discount Co., 459 U.S. at 58.  Once an appeal from a preliminary injunction has been

filed, the district court may generally "not alter the injunction . . . except to maintain the status quo

of the parties pending the appeal."  Coastal Corp. v. Tex. E. Corp., 869 F.2d 817, 819-820 (5th

Cir. 1989).  Thus, the court is prohibited from granting relief regarding the preliminary injunction

that divests the appellate court of its jurisdiction by eliminating or materially altering the

controversy.  See, e.g., Ortho Pharm. Corp. v. Amgen, Inc., 887 F.2d 460, 463-464 (3d Cir. 1989).

It follows that the pendency of an interlocutory appeal from a preliminary injunction divests the

district court of its jurisdiction to vacate or dissolve the injunction.  See Coastal Corp. v. Tex. E.

Corp., 869 F.2d at 821 (holding that "the district court lacked authority to dissolve the injunction"

due to a pending appeal).

## LAW REGARDING INDICATIVE RULINGS

Notwithstanding rule 62(c)'s constraints regarding a district court's authority to reconsider an interlocutory order during the pendency of an appeal, a district court may nevertheless take limited action with respect to a motion to for relief from such an order.  Rule 62.1 of the Federal Rules of Civil Procedure provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> . . . .
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1.  The district court's suggestion for remand or that a substantial issue is raised is called an "indicative ruling."  Fed. R. Civ. P. 62.1 advisory committee's notes to 2009 adoption. Rule 62.1's advisory committee notes reflect that the rule "adopts . . . the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." See Fed. R. Civ. P. 60(b) (stating grounds for relief from a "final judgment, order, or proceeding"). Namely, although a district court cannot grant a rule 60(b) motion to vacate during the pendency of an appeal, it may "entertain the motion and deny it, defer consideration, or state that it would grant the motion if the [] court of appeals remands for that purpose or state that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1 advisory committee's notes to 2009 adoption.  If the district court makes an indicative ruling, "the appellant [may] then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such a motion."

- 13 -

<u>Dominguez v. Gulf Coast Marine & Assocs.</u>, 607 F.3d 1066, (5th Cir. 2010)(internal quotation marks and citations omitted)(alteration in original).

Rule 62.1 applies whenever the rules governing the relationship between district courts and appellate courts "defeat[] the district court's authority to act in the face of a pending appeal" -- whether an appeal from an interlocutory order or from final judgment.  Fed. R. Civ. P. 62.1 advisory committee's notes to 2009 adoption (stating that rule 62.1 does not define the precise circumstances in which a district court's authority to act is so defeated).  <u>See Wildearth Guardians v. United States Forest Service</u>, 778 F. Supp. 2d 1143, 1145-46 (D.N.M. 2011)(Browning, J.)(granting a motion for indicative ruling pursuant to rule 62.1 despite the pendency of appeal from final judgment); <u>Perry v. Schwarzenegger</u>, 790 F. Supp. 2d 1119, 1123 (N.D. Cal. 2011)(Ware, J.)(holding despite an appeal of the court's final judgment the court had "jurisdiction . . . to take one of the actions specified by Rule 62.1."), <u>aff'd sub nom</u>, <u>Perry v. Brown</u>, 671 F.3d 1052 (9th Cir. 2012), <u>vacated on other grounds sub nom</u>, <u>Hollingsworth v. Perry</u>, 133 S. Ct. 2652 (2013).  Irrespective of an appeal from a final judgment, therefore, a district court may, pursuant to rule 62.1(a), issue an indicative ruling signaling that it would grant or deny a motion in the event the case is remanded for that purpose.  If the court makes such an indication, "'the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.'"  <u>Wildearth Guardians v. United States Forest Service</u>, 778 F. Supp. 2d at 1145-46 (quoting Fed. R. App. P. 12.1).

## **ANALYSIS**

The Court concludes that its characterization of the Final Judgment as a final judgment is correct.  First, the Court concludes that the Final Judgment is final, because it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  <u>Rekstad v. First</u>

Bank Sys., 238 F.3d at 1261 (internal quotation marks and citation omitted).  Second, the Court concludes that its indicative ruling stating that the Court will "dissolve or vacate the preliminary injunction if the Defendants dismiss the appeal and/or the Tenth Circuit remands the case for the Court's consideration," MOO at 145, did not reserve any jurisdiction that would defeat the finality of the Final Judgment.

I.     **THE COURT'S FINAL JUDGMENT IS A FINAL JUDGMENT.**

A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Rekstad v. First Bank Sys., 238 F.3d at 1261 (internal quotation marks and citation omitted).  Pursuant to rule 54(b), a suit involving multiple claims is not final until the district court "adjudicate[s] every claim . . . ."  Rekstad v. First Bank Sys., 238 F.3d at 1261.  Here, the Court concluded in its September 30, 2016, MOO that New Mexico's regulatory actions with respect to non-Indian, state-licensed gaming vendors doing business with Pojoaque Pueblo's gaming enterprises did not violate Pojoaque Pueblo's federal rights, notwithstanding the absence of a state-tribal gaming compact under IGRA.  See MOO at 98-126. The Court accordingly dismissed all claims against the individual named Defendants with prejudice.  See MOO at 98-132, 137-138 & 146.  In light of New Mexico's assertion of Eleventh Amendment sovereign immunity as an affirmative defense, the Court also dismissed all claims against the Defendant State of New Mexico without prejudice.  See MOO at 134-137, 146.  Having dismissed all claims against all parties, the Court entered final judgment.  See Final Judgment at 1.  Indeed, even Pojoaque Pueblo concedes that the Court's Final Judgment "dispose[s] of all claims by and against all parties."  Tenth Circuit Order at 1 (stating that Pojoaque Pueblo's answer to the docketing statement question "Does the judgment or order to be reviewed dispose of all claims by and against all parties?" was "Yes").

- 15 -

In addition to "end[ing] the litigation on the merits," <u>Cunningham v. Hamilton County, Ohio</u>, 527 U.S. at 204, the Court's Final Judgment also complies with the separate-document rule, <u>see</u> Fed. R. Civ. P. 58(a).  Pursuant to rule 58(a), the Court's Final Judgment is "a self-contained document" which "say[s] who has won and what relief has been awarded, but omit[s] the reasons for this disposition, which [] appear in the [C]ourt's opinion."  <u>In re Taumoepeau</u>, 523 F.3d at 1217 (internal quotation marks omitted).  The Final Judgment is therefore final.

## II.   THE COURT DID NOT RESERVE JURISDICTION TO TAKE FUTURE ACTION IN ITS INDICATIVE RULING.

The pendency of an interlocutory appeal from a preliminary injunction "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. at 58 (citing <u>United States v. Hitchmon</u>, 587 F.2d at 1359).  In such circumstances, the district court is prohibited from taking any action that would divest the appellate court of its jurisdiction, <u>Ortho Pharm. Corp. v. Amgen, Inc.</u>, 887 F.2d at 463-464, such as by "alter[ing] the injunction," <u>Coastal Corp. v. Tex. E. Corp.</u>, 869 F.2d at 819-820.  Here, the Defendants have filed an interlocutory appeal of Judge Brack's October 7, 2015, preliminary injunction barring the Defendants from taking regulatory enforcement actions against Pojoaque Pueblo's gaming vendors.  <u>See</u> <u>Pueblo of Pojoaque v. State of New Mexico</u>, 15-2187.  The Court acknowledged that this appeal divested the Court of jurisdiction to vacate or modify the preliminary injunction, and, therefore, the Court's MOO left the preliminary injunction intact.  <u>See</u> MOO at 145 ("In light of these constraints, the Court will deny the Motion to Reconsider Injunction.").

Despite the Court's explicit disavowal of jurisdiction, however, the Tenth Circuit maintains, and Pojoaque Pueblo agrees, that the Court's MOO reserved jurisdiction to "'take future action on the Preliminary Injunction in effect.'"  Tenth Circuit Order at 1 (quoting Oct. 7, 2016

Docketing Statement at page 2).  See Motion Reply at 1 n.1 (agreeing with the Tenth Circuit).  The Tenth Circuit and Pojoaque Pueblo base this reading on the Court's statement that it would "'dissolve or vacate the preliminary injunction if the Defendants dismiss the appeal and/or the Tenth Circuit remands the case for the Court's consideration.'"   See Tenth Circuit Order at 2 (quoting MOO at 145)(alterations omitted).  This language reserved no such jurisdiction.

The Court's statement that it would "dissolve or vacate the preliminary injunction if the Defendants dismiss the appeal and/or the Tenth Circuit remands the case for the Court's consideration," MOO at 145, was an indicative ruling, see Fed. R. Civ. P. 62.1.  Under rule 62.1, a district court may -- regardless of an appeal from an interlocutory order or from a final judgment -- issue an indicative ruling signaling that it would grant or deny a motion to reconsider an injunction if the case is remanded for that purpose.  See Wildearth Guardians v. United States Forest Service, 778 F. Supp. 2d at 1145-46.  Where a district court makes such an indication, "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."  Wildearth Guardians v. United States Forest Service, 778 F. Supp. 2d at 1145-46 (internal quotation marks and citation omitted).  Consequently, an indicative ruling is not a reservation of jurisdiction to take future action; to the contrary, it is an acknowledgement that the district court has no jurisdiction.  If it had jurisdiction, rule 62.1(a)'s provision for indicative rulings would be meaningless, because the court could simply issue rulings with no jurisdictional constraints.  Indeed, as the Court stated at the hearing, "[t]he whole purpose of an indicative ruling is when the court doesn't have jurisdiction."  Tr. 18:2-4 (Court).  Here, therefore, the Court did not by operation of its indicative ruling carve out a reservation of jurisdiction to vacate the preliminary injunction in the future; rather, it merely signaled what course of action it will take if it reacquires jurisdiction on remand.  See Fed. R. Civ. P. 62.1.  Plainly, the Court has not reserved

jurisdiction, because it has no jurisdiction to reserve.  The Court's indicative ruling does not, therefore, disturb the finality of the Final Judgment.

Other than this alleged defect, the Tenth Circuit and Pojoaque Pueblo agree that the Court's MOO "'dispose[s] of all claims by and against all parties[.]'"  Tenth Circuit Order at 1 (quoting Oct. 7, 2016 Docketing Statement at Page 2)(emphasis omitted).  Accordingly, the Court concludes that its characterization of the Final Judgment as a final judgment is correct, because, as discussed supra, the MOO and the Final Judgment "end[] the litigation on the merits and leave[] nothing for the court to do but execute judgment."  Cunningham v. Hamilton County, Ohio, 527 U.S. at 204 (internal quotation marks omitted).  The Tenth Circuit may remand for further proceedings with respect to the preliminary injunction, but it "retains jurisdiction unless it expressly dismisses the appeal."  Fed. R. App. P. 12.1.

In the event the Tenth Circuit concludes that the Court has retained jurisdiction, the Court is unsure what further action it can take.  In circumstances such as this where a district court dismisses all parties and all claims, leaving nothing unresolved, final judgment seems appropriate. Mindful of the jurisdictional constraints imposed by the Defendants' interlocutory appeal, the Court was careful in its MOO not to touch the preliminary injunction.  Pursuant to rule 62(c), the Court stayed the effects of the preliminary injunction, see MOO at 144, and issued an indicative ruling pursuant to rule 62.1 signaling that it would vacate or dissolve the preliminary injunction on remand, see MOO at 145.  The Court had limited jurisdiction to stay the effects of the preliminary injunction; it had no jurisdiction to vacate or modify the preliminary injunction itself.

**IT IS ORDERED** that the Plaintiffs' request to vacate the Court's Final Judgment, made orally at the hearing on October 27, 2016, see Transcript of Motion Hearing held on 10/27/16 at 44:21-25 (Crowell), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Carrie A. Frias
Pueblo of Pojoaque Legal Department
Santa Fe, New Mexico

-- and --

Scott Crowell
Steffani Ann Cochran
Crowell Law Office Tribal Advocacy Group, P.L.L.C.
Sedona, Arizona

      *Attorneys for the Plaintiffs*

Henry M. Bohnhoff
Edward Ricco
Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendants*